# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAWN BEVERS, | Case No.: 2:09-cv-2015-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Lift Preliminary Injunction–#53, Motion to Vacate Order Dismissing OneWest FSB–#56) |
| D.R. HORTON, INC.; DHI MORTGAGE COMPANY, LTD.; EMC MORTGAGE CORPORATION; ONEWEST BANK as successor in interest to INDYMAC BANK FSB; and DOES 1 through 20 inclusive, | |
| Defendants. | |

Before the Court is Defendant OneWest Bank, FSB's ("OneWest"), as successor in interest to IndyMac Bank, FSB ("IndyMac"), **Motion to Lift Preliminary Injunction** (#53), filed February 26, 2010.

Also before the Court is Plaintiff Shawn Bevers' **Motion to Vacate Order Dismissing OneWest FSB** (#56), filed June 24, 2010.

## BACKGROUND

In late 2006, Bevers purchased the real property located at 8225 Fair Falls Lane in Las Vegas ("Fair Falls property") by executing two mortgage loans prepared by D.R. Horton and

1

its preferred lender, DHI Mortgage ("DHI"). Bevers claims D.R. Horton and DHI misled him regarding a number of the terms of these loans. Bevers further alleged OneWest is liable for fraud in the inducement and quiet title based on its status as an assignee of the original mortgage loans. The Court directs the reader to its previous Order (Dkt. # 52, Jun. 2, 2010) for a detailed factual and procedural history of this case.

On June 2, 2010, the Court dismissed OneWest Bank from this case. This prompted OneWest to ask the Court to lift the preliminary injunction it placed on the Fair Falls property. Bevers has also asked the Court to reconsider its decision. For the reasons discussed below, the Court denies Bevers' motion to reconsider and grants OneWest's motion to lift the preliminary injunction.

**DISCUSSION**

**I.     Bevers' Motion for Reconsideration**

   **A.     Legal Standard**

Motions for reconsideration may be brought under 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. A motion for reconsideration is properly denied when it presents no arguments that were not already raised in its original motion. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (holding that motions for reconsideration are not "the proper vehicles for rehashing old arguments") (footnotes omitted); *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977) (holding that motions for reconsideration are not "intended to give an unhappy litigant one additional chance to sway the judge").

/

/

**B.     Analysis**

Bevers contends that the Court mistakenly dismissed OneWest for two reasons. First, Bevers asserts that his counsel inadvertently and mistakenly cited the law concerning assignee liability. Rather than relying on *Rocker v. KPMG, LLP*, 148 P.3d 703 (Nev. 2006), in which the court allowed plaintiffs to plead misrepresentation under a relaxed pleading standard, Bevers now argues that 15 U.S.C. § 1641(a) of the Truth in Lending Act ("TILA"), which governs assignee liability in the mortgage context, supports his claim against OneWest. Second, Bevers states that OneWest cannot claim it was unaware of his claims because OneWest acquired his mortgage loan during the course of this litigation. The Court will address Bevers' assertions in turn.

**1.     TILA Assignee Liability**

In general, TILA provisions allow consumers to assert claims against mortgage assignees when certain conditions are met. TILA § 1641 provides:

> "Any person who purchases or is otherwise assigned a mortgage referred to in section § 1602(aa) of this title shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage, unless the purchaser or assignee demonstrates, by a preponderance of the evidence, that a reasonable person exercising ordinary due diligence, could not determine, based on the documentation required by this title [TILA]...."

15 U.S.C. § 1641(d)(1). However, to properly state a claim against a mortgage assignee, the TILA violation must be apparent on the face of the loan documents or mortgage disclosures. 15 U.S.C. § 1641(a) ("[A]ny civil action for a [TILA] violation . . . which may be brought against a creditor may be maintained against any assignee of such creditor *only if the violation* for which such action or proceeding is brought *is apparent on the face of the disclosure statement*, except where the assignment was involuntary" (emphasis added)). A violation apparent on the face of the disclosure statement may include, but is not limited to: (1) an incomplete or inaccurate disclosure, or (2) a disclosure which does not use the terms required by TILA. *Id.* Examining the definition of an "apparent" violation, courts have held that § 1641(a) does not impose a duty of additional inquiry

1   on assignees. *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir. 1998).  Only violations

2   that "a reasonable person can spot on the face of the disclosure statement or other assigned

3   documents" will make the assignee liable under the TILA. *White v. Homefield Fin., Inc.*, 545 F.

4   Supp. 2d 1159, 1168 (W.D. Wash. 2008) (quoting *Taylor*, 150 F.3d at 694).

5          Bevers concludes that the Court has subverted TILA's intent by dismissing

6   OneWest from this case and precluding any potential liability it may have as a mortgage assignee.

7   Although he relies on § 1641 to show the Court that he has properly asserted a claim against

8   OneWest, Bevers ignores the statute's central requirement: a violation on the face of the disclosure

9   statement.  Nowhere in Bevers' complaint, opposition to OneWest's motion to dismiss, or motion

10  for reconsideration does he allege any facts to suggest TILA violations were apparent on the face

11  of the documents or disclosures.  Despite this deficiency, the Court previously held Bevers alleged

12  sufficient facts to support his claim against D.R. Horton and DHI for bait-and-switch tactics

13  amounting to misrepresentation.  Nevertheless, his misrepresentation claim against assignee

14  OneWest fails as a matter of law without an allegation that a reasonable person could spot D.R.

15  Horton and DHI's TILA violation on the face of the documents or disclosures.

16         **2.   Notice of Potential Assignee Liability**

17         Additionally, Bevers asserts the Court dismissed OneWest in error because

18  OneWest acquired the mortgage loan during the course of this litigation.  Bevers claims OneWest

19  had knowledge of his claims and as a result, OneWest is barred from asserting that it did not have

20  notice and is not subject to his claims.  Bevers filed this action in Nevada state court on September

21  8, 2009.  According to the Clark County Recorder's office, the subject property was assigned to

22  OneWest on September 24.  However, Court records indicate Bevers did not effectuate service

23  upon OneWest with the summons and complaint until October 9—more than two weeks after the

24  assignment.  (Dkt. #33, Aff. of Service.)  Bevers' assertion thus fails because OneWest did not

25  receive service until after he filed this lawsuit.  Nevertheless, even if OneWest had received

26  service, Bevers failure to plead a violation apparent on the face of the documents or disclosures

AO 72
(Rev. 8/82)

would still preclude his claim.  TILA does not require an assignee to have actual notice of potential liability for plaintiffs to properly bring a claim against an assignee; instead it requires a violation that "a reasonable person can spot on the face of the disclosure statement or other assigned documents." *White*, 545 F. Supp. 2d at 1168.  For these reasons, the Court finds that Bevers has not carried his burden under Rule 60(b) to justify relief.  Accordingly, Bevers' motion for reconsideration is denied.

## II.  One West's Motion to Lift Preliminary Injunction

Once the Court dismissed it from this case, OneWest asked the Court to lift the preliminary injunction on the Fair Falls property.  OneWest correctly points out that the remaining Defendants, D.R. Horton and DHI, no longer have an interest in the Fair Falls property.  Thus, equitable remedies related to the Fair Falls property will not be available to Bevers against those Defendants.  Because the Court denies Bevers' motion to reconsider OneWest's dismissal from this case, the Court lifts the preliminary injunction on the Fair Falls property.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Bevers' Motion to Vacate Order (#56) is DENIED.

IT IS FURTHER ORDERED that OneWest Bank, FSB's Motion to Lift Preliminary Injunction (#53) is GRANTED.  If OneWest chooses to pursue non-judicial foreclosure on the Fair Falls property, the Court instructs OneWest to file an updated and revised notice of default and election to sell in accordance with NRS 107.080(3).

Dated: June 29, 2010.

_____
ROGER L. HUNT
Chief United States District Judge