# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAWN BEVERS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>D.R. HORTON, INC.; DHI MORTGAGE COMPANY, LTD.; EMC MORTGAGE CORPORATION; ONEWEST BANK as successor in interest to INDYMAC BANK FSB; and DOES 1 through 20 inclusive,<br><br>　　　　Defendants. | Case No.: 2:09-cv-2015-RLH-PAL<br><br>**O R D E R** |

Before the Court is Plaintiff Shawn Bevers' Opposition (#57), filed June 29, 2010, which was filed in response to OneWest Bank FSB's ("OneWest") Motion to Lift Preliminary Injunction (#53), filed on June 8, 2010. Bevers' Opposition was untimely. Local Rule 7-2 states: "Unless otherwise ordered by the court, points and authorities in response shall be filed and served by an opposing party fourteen (14) days after the service of the motion." LR 7-2(a) (as amended Nov. 30, 2009). Applying this rule, Bevers' Opposition was due by June 22, 2010. Having received no opposition, the Court issued an Order (#58, June 29, 2010) granting OneWest's

/

1

AO 72
(Rev. 8/82)

1   Motion.  Nevertheless, in the interests of justice, the Court has considered Bevers' untimely
2   Opposition and finds it has no effect on the Court's previous decision.
3              In his Opposition, Bevers essentially puts forth the same arguments against lifting
4   the preliminary injunction as he did when he asked the Court to reconsider OneWest's dismissal.
5   However, Bevers now asserts that he does not need to allege how OneWest is liable for his claims
6   because the applicable law places liability on those who acquire mortgage loans.  (Dkt. #57, Pl.'s
7   Opp'n 2:25–3:1.)  This assertion is incorrect.  As the Court stated in its previous Order (#58),
8   TILA requires claimants to allege violations that "a reasonable person can spot on the face of the
9   disclosure statement or other assigned documents." *White v. Homefield Fin., Inc.*, 545 F. Supp. 2d
10  1159, 1168 (W.D. Wash. 2008) (quoting *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th
11  Cir. 1998)); 15 U.S.C. § 1641(a) ("[A]ny civil action for a [TILA] violation . . . which may be
12  brought against a creditor may be maintained against any assignee of such creditor *only if the*
13  *violation* for which such action or proceeding is brought *is apparent on the face of the disclosure*
14  *statement*, except where the assignment was involuntary" (emphasis added)).  After considering
15  Bevers' Opposition, the Court affirms its previous conclusion.
16              Dated:  June 30, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)